IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JUSTIN J. WORTMAN, SR., :
:
    Plaintiff :   CIVIL NO. 3:CV-16-840
:
  v. :
:   (Judge Conaboy)
:
SUPERINTENDENT TAMMY FERGUSON, :
ET AL., :
:
    Defendants :

FILED
SCRANTON

JUN 0 1 2016

_____ /s/ _____
DEPUTY CLERK

## MEMORANDUM
### Background

    Justin J. Wortman, Sr., an inmate presently confined at the Benner State Correctional Institution, Bellefonte, Pennsylvania (SCI-Benner), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has also submitted a request for leave to proceed in forma pauperis.  See Doc. 4.

    Named as Defendants the following SCI-Benner officials: Superintendent Tammy Ferguson, Deputy Warden Solomon; Lieutenant Lust; Sergeant Smith; Correctional Officer Dixon; Physician's Assistant Laura Dunkle; Nursing Supervisor Lisa Sosong; as well as Nurses Damon Mock and Lisa Shaw.  See Doc. 1, p. 5.

    On February 7, 2016, Plaintiff states that he reported to a pill line at at SCI-Benner.  According to the Complaint, Nurse Mock handed Wortman a pill packet and informed him that the packet did

1

not include his Seroquel[1] medication because the medical staff "had forgotten" to timely order it and "they were out of it." Doc. 1, p. 8. However, Mock added that the medication had been reordered and would be available by February 9, 2016. Wortman contends that he informed Nurse Mock that if he missed more than one dose of Seroquel he would develop withdrawal symptoms and become extremely sick. Mock purportedly replied that nothing could be done.

After Plaintiff returned to his housing unit, he allegedly informed Correctional Officer Dixon about the medication problem and requested that a lieutenant be called. It is asserted that Dixon refused indicating that there was nothing that a Lieutenant could do.

Later that same day, Plaintiff spoke to non-defendant Sergeant Tyson about the situation and was told he would work on it. After Wortman returned from a work assignment, Tyson told the prisoner that he got nowhere but that medical would see him if he agreed to pay a co-pay fee. Although Plaintiff agreed to pay the fee the medical department purportedly would not see him. Defendant Sergeant Smith and Lieutenant Lutz similarly told the Plaintiff that there was nothing that could be done that evening.[2]

The next morning, February 8, 2016 Plaintiff told Sergeant

---

[1] Seroquel is a antipsychotic medication used to treat bipolar disorder, schizophrenia, and other depression related conditions.

[2] Lutz allegedly made unprofessional remarks concerning Plaintiff's mental illness.

2

Tyson that he was sick and in pain, however, the Medical Department still refused to see him. Plaintiff seeks declaratory relief as well as compensatory and punitive damages.

## Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277,

1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**Personal Involvement**

With respect to the claims against Superintendent Ferguson, Deputy Superintendent Solomon PA Dunkle and Nursing Supervisor Sosong, civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate

4

particularity.

Rode, 845 F.2d at 1207.

Prisoners also have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). Pursuant to those decisions, any attempt by a prisoner to establish liability against a correctional official based upon their handling of his administrative grievances or complaints does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison

grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Pursuant to the standards announced in Rode and Hampton, Plaintiff's action to the extent that it seeks to establish liability against With respect to the claims against Superintendent Ferguson, Deputy Superintendent Solomon PA Dunkle and Nursing Supervisor Sosong, solely based upon their supervisory capacities within SCI-Benner cannot proceed. Such respondeat superior type assertions are simply insufficient for establishing civil rights liability. Likewise, any attempt by Wortman to set forth claims against those Defendants solely based upon any responses or lack of action to his administrative grievances is equally inadequate under Flick and Alexander.

**Verbal Harrassment**

Plaintiff's complaint arguably includes claims that he was subjected to verbal harassment by Lieutenant Lust and Correctional Officer Dixon.

The use of words generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp.

6

185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. See Hart v. Whalen, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008); Wright v. O'Hara, 2004 WL 1793018 *7 (E.D. Pa. 2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that any of the verbal harassment allegedly voiced against Inmate Wortman was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas. More importantly, it is not alleged that any of the alleged verbal abuse was accompanied by any physically intrusive behavior or made by any of the named Defendants. Given the vague circumstances described by Plaintiff, any verbal remarks which may have been made by any of the named Defendants were not of the magnitude to shock the conscience as contemplated by this Court

7

in S.M. v. Lakeland School District, 148 F. Supp.2d 542, 547-48 (M.D. Pa. 2001) and thus, did not rise to the level of a constitutional violation.

**Deliberate Indifference**

Plaintiff alleges that there was deliberate indifference to his medical needs. The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 - 36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton

8

infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

Despite the liberal construction afforded to the pro se Complaint, this Court is not satisfied at this juncture that the two day deprivation of Seroquel meets the serious medical need requirement. Regardless of the issue of whether the serious medical need requirement has not been satisfied by the allegations raised in the Complaint, it is nonetheless apparent that Wortman has failed to satisfy the second prong of the deliberate indifference analysis.

The Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See

9

Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented.  See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008)("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.")

Plaintiff acknowledges that he was only subjected to a brief two day unintentional deprivation of Seroquel.  Moreover, Plaintiff states that he was regularly prescribed other medications including Seroquel and there are no assertions that he was denied any other prescribed treatments or medications.  Plaintiff also indicates that with exception of the two day period at issue he had regular access to the prison's medical staff as well as to the Seroquel medication.  Moreover, there is no assertion that there was a deliberate denial or delay in providing medication.

Accordingly, since the Complaint acknowledges that Wortman was provided with ongoing treatment and that his claims are solely premised upon a short two day unintentional deprivation of a single medication, a viable deliberate indifference claim has not been stated under Estelle.  At best, Plaintiff's allegations set forth a claim of negligence against the prison medical staff.  However, allegations which sounds in negligence cannot be pursued under § 1983 under Durmer.

10

It is also undisputed that many of the Defendants are non-medical professionals. The Court of Appeals for the Third Circuit in Durmer added that a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.

Based on the reasoning employed in Durmer, since there are no facts asserted which could establish thatany of the non-medical Defendants had any personal involvement whatsoever in the failure to timely reorder the Seroquel medication and since the Complaint admits that Wortman was under the care of the SCI-Benner medical staff, under the standards announced in Durmer a viable deliberate indifference claim has not been set forth against the non-medical Defendants.

**Conclusion**

Since Wortman's claims are "based on an indisputably meritless legal theory," those claim will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 1st, 2016